IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL DEYETTE,

        Plaintiff,

v.

OREGON DEPARTMENT OF
CORRECTIONS *et al.*,

        Defendants.

Case No. 6:24-cv-01015-SB

**ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

    Michael Deyette ("Deyette"), a self-represented adult in custody at the Oregon State Penitentiary, filed this action against the Oregon Department of Corrections ("ODOC") and two ODOC officials (together with ODOC, "Defendants"). Deyette asserted federal and state claims related to Defendants' denial of Deyette's requests to obtain reading materials relating to Satanism.

    Defendants moved for summary judgment on Deyette's claims pursuant to Federal Rule of Civil Procedure 56 (ECF No. 20), and Deyette cross-moved for summary judgment (ECF No. 24). The Court has reviewed both motions, and requests supplemental briefing from the parties.

///

PAGE 1 – ORDER

1.  ***Evaluation of the Banned Materials.*** Defendants have characterized the contents of Deyette's requested religious materials, and Deyette has challenged those characterizations as inaccurate. Deyette has also asserted that any controversial content in his requested materials is not materially different than controversial content in other religious texts. It is difficult for the Court to evaluate these arguments without access to the banned materials at issue. Accordingly, the Court requests that Defendants either (i) file a supplemental declaration (ex parte, if necessary) with a more comprehensive list of excerpts of the banned materials' contents to which ODOC objects; or (ii) submit copies of the banned texts for the Court's ex parte review.

2.  ***The Luciferian Tarot***. In addition to the texts at issue in the parties' motions, Deyette also submitted a religious accommodation request seeking access to *The Luciferian Tarot* by Michael Ford. Defendants moved for summary judgment on the ground that Deyette's lack of access to *The Luciferian Tarot* "did not result from an ODOC decision to ban or restrict that item but was simply because the deck was out of print." (Defs.' Mot. Summ. J. at 13-14, ECF No. 20.) However, the Court takes judicial notice that *The First Book of Luciferian Tarot* by Michael Ford is currently available from multiple vendors, including Amazon. Thus, there is a material dispute of fact with respect to whether Deyette's requested tarot deck is, in fact, unavailable, which precludes entry of summary judgment with respect to that requested text.

It would further the interests of judicial efficiency to evaluate all of Deyette's requested religious materials in one opinion. To that end, the Court requests that Defendants reevaluate Deyette's request to order *The First Book of Luciferian Tarot* by Michael Ford (which the Court understands requires Religious Services to obtain a copy of the tarot deck to review), or explain why reevaluation is not feasible, and provide a supplemental declaration updating the Court on the status of Deyette's request.

3.      ***Recent Case Law.*** Both Deyette and Defendants have demanded a jury trial. (*See* Compl., ECF No. 2; Defs.' Answer, ECF No. 10.) However, the Ninth Circuit recently held that whether a regulation "imposes a substantial burden on a party's exercise of religion under [the Religious Land Use and Institutionalized Persons Act of 2000] is a question of law for the court to decide." *Spirit of Aloha Temple v. County of Maui,* 132 F.4th 1148, 1156 (9th Cir. 2025) ("Thus, it was error for the district court to send this question to the jury."). The Court requests that both Deyette and Defendants submit supplemental briefing on whether a jury trial is appropriate in the event that any of Deyette's constitutional or statutory claims survive summary judgment, or whether those claims present "question[s] of law for the [C]ourt to decide." *Id.*

## CONCLUSION

For the reasons stated, the Court ORDERS the parties to submit supplemental briefing, as discussed herein, by October 31, 2025. The Court terminates the pending motions (ECF Nos. 20, 24) for administrative purposes, but will resolve both motions upon receipt of the supplemental materials.

**IT IS SO ORDERED.**

DATED this 30th day of September, 2025.

                                                HON. STACIE F. BECKERMAN
                                                United States Magistrate Judge

PAGE 3 – ORDER